UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TERRY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: |
| ) | 2:22-CV-079-RWS |
| THAD JOBE, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff Terry Harris brings this complaint under 42 U.S.C. § 1983 against Defendant GBI Agent Thad Jobe, in his individual capacity.

## **PARTIES**

1. Plaintiff Terry Harris ("Plaintiff") is a citizen and resident of Forsyth County, Georgia.

2. Defendant Thad Jobe ("Agent Jobe") was employed by the Georgia Bureau of Investigation as a law enforcement officer at all times relevant to this complaint.

3. At all times relevant to this complaint, Agent Jobe acted under the color of law.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question.

5. Upon service of process, this Court acquires personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1)(a).

6. Venue is proper in the Gainesville Division of the Northern District of Georgia under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. In July 2020, Agent Thad Jobe was part of an investigation of a drug trafficking organization.

8. During that investigation, on July 8, 2020, Agent Thad Jobe applied for an arrest warrant against Plaintiff in the Hall County Magistrate Court.

9. In the arrest warrant application, Agent Jobe swore that Plaintiff used a telephone to arrange the sale and distribution of heroin or methamphetamine and conspired to commit a felony with two known drug dealers.

10. In the arrest warrant application, Agent Jobe also swore that Plaintiff conspired to finance the organization through the purchase of controlled substances; conspired to possess and possessed with the intent to distribute heroin or methamphetamine; and, conspired to finance the organization through the purchase of controlled substances.

11. Based solely on the arrest warrant application submitted by Agent Jobe, a magistrate judge issued an arrest warrant for Plaintiff on July 8, 2020.

12. The allegations made in the arrest warrant application concerning Plaintiff's actions by Agent Jobe against Plaintiff were false.

13. The only phone communications known by Agent Jobe to have occurred were calls between Plaintiff's son and one of the suspected drug dealers.

14. Although there were communications between Plaintiff's son and a suspected drug dealer, those phone calls also did not implicate Plaintiff's son in criminal wrongdoing.

15. In reality, Plaintiff had no contact whatsoever with any drug dealer and had no involvement whatsoever in the sale, possession, or trafficking of any illegal drugs.

16. The only connection between Plaintiff and the phone calls in which his son participated was that Plaintiff's son's cell phone is part of a cell phone family plan, which allows multiple family members having different cell phone numbers to be linked to the same payment account.

17. Agent Jobe based his decision to obtain an arrest warrant for Plaintiff's arrest on the existence of cell phone records which showed that another member of Plaintiff's family was in communication with one of the known drug dealers.

18. Agent Jobe had no information that Plaintiff was a party to any communication with any suspected drug dealer.

19. Agent Jobe also knew that Plaintiff's phone and Plaintiff's son's phone were subject to audio recordings authorized by an investigative wire tap; Agent Jobe had access to the recordings of the phone calls to and from both phones.

20. Agent Jobe knew that those recordings did not reflect any communications whatsoever between Plaintiff and any known or suspected drug dealer.

21. In spite of this knowledge, Agent Jobe swore that Plaintiff conspired to purchase controlled substances from, and to finance, a drug trafficking organization.

22. Plaintiff was arrested at his home on July 9, 2020.

23. Plaintiff remained incarcerated until July 14, 2020.

24. The sole basis for Plaintiff's arrest was the arrest warrant obtained by Agent Jobe.

25. Plaintiff was ultimately released from incarceration because the a Hall County Assistant District Attorney dismissed the warrant against Plaintiff upon learning of the basis for the arrest.

26. The Assistant District Attorney dismissed the warrant against Plaintiff based upon the determination that Plaintiff was innocent.

### COUNT I
*Violation of the Fourth Amendment
under 42 U.S.C. § 1983
against Agent Thad Jobe*

27. Agent Jobe initiated a criminal prosecution against Plaintiff when he sought and obtained arrest warrants charging Plaintiff violating O.C.G.A. § 16-14-4.

28. The dismissal of the proceedings against Plaintiff constitutes a favorable termination on the merits of the criminal prosecution.

29. Agent Jobe knew the information he supplied to the magistrate was false, or acted with reckless disregard to the truth of the he submitted to the magistrate.

30. Agent Jobe knowingly or recklessly omitted material and exculpatory information from his arrest warrant application which would have shown there was no probable cause to charge Plaintiff with violating O.C.G.A. § 16-14-4.

31. The issuance of the arrest warrant was the sole and proximate cause of Plaintiff's arrest, incarceration, prosecution and resulting damages. These damages include the loss of Plaintiff's liberty, reputational damage, humiliation, lost wages, and emotional distress.

### *Request for Relief*

Plaintiff requests this Court:

a. Hold a trial by jury on all issues so triable;

b. Award Plaintiff compensatory, special, and punitive damages against Agent Jobe in an amount to be proven at trial;

c.      Award Plaintiff attorney's fees under 42 U.S.C. § 1988;

d.      Grant any relief to which Plaintiff is entitled as a matter of law or equity.

Submitted this 22nd day of April, 2022.

**Brian Spears**
Georgia Bar No. 670112

**Jeff Filipovits**
Georgia Bar No. 825553

Spears & Filipovits, LLC
1126 Ponce de Leon Ave.
Atlanta, GA 30306
404-905-2225
bspears@civil-rights.law
jeff@civil-rights.law

**Gus McDonald**
Georgia Bar No. 488795

McDonald & Cody, LLC
P.O. Box 396
Cornelia, GA 30531
706-778-7178
gus@mcdonaldcody.com